**Dr. R. P. WILCOX, Appellant,**

**v.**

**CINCINNATI OPTICAL COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1955.

V. R. Bentley, Pikeville, for appellant.

E. D. Stephenson, Pikeville, for appellee.

CULLEN, Commissioner.

Dr. R. P. Wilcox appeals from a judgment against him, in favor of the Cincinnati Optical Company, in the sum of $1,506.91, representing the amount alleged to be due under an account for optical supplies and services furnished to the doctor over a period of four years.

The optical company sued for $1,506.91. The doctor counterclaimed for $2,864.23, claiming that he had overpaid the account by that much. The court referred the case to the master commissioner, who heard proof and filed a report recommending that the counterclaim be disallowed and the plaintiff recover judgment for the full amount of its claim. The court heard exceptions to the commissioner's report and then entered judgment in accordance with the commissioner's recommendation.

We find no merit in any of the grounds of error asserted by the appellant.

The first ground of error is based upon the fact that, prior to instituting suit, the optical company sent Dr. Wilcox a

statement showing a balance due of only $1,258.35. It is contended that the company could not thereafter sue for $1,506.91 without alleging fraud, accident or mistake. This contention is not sustainable, because the action is not on a contract, but upon an open account. The testimony of the company's bookkeeper satisfactorily showed that there was a bookkeeping error in the original statement.

 It is next contended that the company should have been denied recovery for such items of the account as were not supported by individual invoices or order slips. It appears that it is the practice of the optical company to destroy individual invoices and order slips after a period of three years, in order to keep its files from becoming overburdened. As a result of this practice, the company had destroyed the invoices and order slips in Dr. Wilcox's account for the years 1948 and 1949. However, during the entire period covered by the account the company had sent Dr. Wilcox a current statement each month, and he had made periodic payments on account without ever questioning the accuracy of the statements. The officers and employes of the company testified that the account sued on was correct, and that each charge, itemized in detail in the account, was entered upon the bookkeeping records from an invoice or order slip. We think this was satisfactory proof.

Dr. Wilcox objects to numerous items of the account because they were based on order slips which he did not sign, or on order slips bearing the printed name of his brother, Dr. T. P. Wilcox. The evidence supports the conclusion that in many instances Dr. R. P. Wilcox called in an order by telephone, and in those instances an officer or employe of the company signed the doctor's name to an order slip, for identification purposes. The evidence also shows that Dr. T. P. Wilcox died in 1948, and the defendant, Dr. R. P. Wilcox thereafter used his deceased brother's prescription blanks or order blanks in placing orders with the optical company. We think the court properly held Dr. R. P. Wilcox chargeable for these items.

Dr. Wilcox contended that he had overpaid the account and that numerous checks in payment were not credited to the account. He introduced a few checks in evidence, but the company was able to show where each of these checks had been credited.

The issues presented were ones of simple fact, and we think the court properly decided them.

The judgment is affirmed.